**CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED**

June 03, 2026

**LAURA A. AUSTIN, CLERK
BY: /s/ M. Poff
DEPUTY CLERK**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | | |
|---|---|---|
| JASON MICHAEL ADAMS, | ) | |
| Plaintiff, | ) | Civil Action No. 7:26-cv-00341 |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| MAJOR KILGORE, et al., | ) | By: Robert S. Ballou |
| Defendants. | ) | United States District Judge |

Jason Michael Adams, ("Adams" or "Plaintiff"), a Virginia inmate proceeding *pro se*, filed a civil rights complaint, pursuant to 42 U.S.C. § 1983. Adams names Major Kilgore, Captain Elliot, and Lt. Steele as defendants, alleging that the Defendants violated his constitutional rights. Adams requests "$500,000.00 in restitution and compensation for any mental evaluations and treatments." Compl. at 3, ECF No. 1.

This matter is before me for preliminary screening, pursuant to 28 U.S.C. § 1915A(a). Having reviewed the complaint, I will dismiss the claims without prejudice because Plaintiff has failed to state a claim upon which relief may be granted.

### I.      Background

Adams is presently incarcerated at the Southwest Virginia Regional Jail at Abington, which is also where the alleged violations occurred. Adams alleges that "[o]n April 13 at 11 pm, I was locked down to cell 15 in Pod 3-A without running water or a chance to take a shower until April 17 at 8 pm." *Id*. at 2. Adams alleges that "the person[s] responsible … was [sic] Mj. Killgore and Cpt. Elliot and Lt. Steele." *Id*. at 5. Adams does not allege any physical or emotional injury as a result of this period without a shower and running water and no further information is provided. Although Plaintiff does not specify which constitutional rights were violated, he appears to claim a violation of his rights under the Eighth Amendment.

## II.    Standard of Review

Under 28 U.S.C. § 1915A(a), the court must conduct an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  The court must "dismiss the complaint, or any portion of the complaint," if it is frivolous or fails to state a claim on which relief may be granted.  28 U.S.C. § 1915A(b)(1).  While a *pro se* complaint must be construed liberally and "must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), the court cannot ignore a clear failure in the pleadings to allege facts setting forth a cognizable claim.  *See Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do'… Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of further factual enhancement.'" (internal citations omitted)).

## III.    Discussion

"The Eighth Amendment, which is applicable to the States through the Fourteenth Amendment, prohibits the infliction of 'cruel and unusual punishments.'" *Anderson v. Kingsley*, 877 F.3d 539, 543 (4th Cir. 2017) (quoting U.S. Const. amend. VIII).  While the Eighth Amendment protects prisoners from cruel and unusual living conditions, the Constitution does not mandate comfortable prisons.  *Rhodes v. Chapman*, 452 U.S. 337, 345-49 (1981).  Conditions that are "restrictive and even harsh … are part of the penalty that criminal offenders pay for their offenses against society." *Id.*

To establish a claim of unconstitutional prison conditions, the plaintiff must allege: (1) objectively, the deprivation was sufficiently serious, in that the challenged, official acts caused

2

denial of "the minimal civilized measure of life's necessities"; and (2) subjectively, the defendant prison officials acted with "deliberate indifference to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  Under the first element, the prisoner must show "significant physical or emotional harm" resulting from the challenged conditions. *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995).  Further, a § 1983 claim requires factual detail about each defendant's personal involvement.  *Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017).

Here, Plaintiff fails to allege either prong necessary to state a claim for denial of his Eighth Amendment rights.  While a denial of showers for extended periods could give rise to an Eighth Amendment violation, *see e.g. Rivera v. Mathena*, 795 Fed.Appx 169, 175 (4th Cir. 2019), courts in this district and elsewhere have consistently held that deprivation of a shower for periods similar to 93 hours or more does not give rise to a constitutional violation.  *Delaney v. Franzen*, No. 3:23CV468, 2024 WL 761859, *4 (E.D. Va. Feb. 23, 2024) (collecting cases).

Furthermore, a temporary deprivation of water does not rise to an Eighth Amendment violation without an accompanying physical or mental injury.  *Shariff v. Coombe*, 655 F.Supp. 2d 274, 300 (S.D.N.Y. 2009) (finding "the absence of accessible water fountains throughout Green Haven are not conditions that deprive Plaintiffs of 'the minimal civilized measure of life's necessities' or 'pose an unreasonable risk of serious damage' to future health.").  The Fourth Circuit has explained that "for prison conditions to rise to the level of unconstitutional punishment, 'there must be evidence of a *serious medical and emotional* deterioration attributable to' the challenged condition.'"  *Strickler v. Waters*, 989 F.2d 1375, 1381 (4th Cir. 1993).  "The Eighth Amendment does not prohibit cruel and unusual prison conditions; it prohibits cruel and unusual punishments.  If a prisoner has not suffered serious or significant physical or mental injury as a result of the challenged condition, he simply has not been

3

subjected to cruel and unusual punishment within the meaning of the Amendment." *Id*. Adams fails to allege any physical or mental injury as a result of his temporary deprivation of access to a shower and running water.[1]

However, even assuming that Plaintiff has met his burden of proof regarding the first prong of the Eighth Amendment analysis, he fails to allege any facts related to Defendants' state of mind. In fact, there are no facts that show how any Defendant's individual actions caused the alleged violation or that any Defendant acted with the requisite deliberate indifference to Plaintiff's health or safety.

### IV.    Conclusion

Accordingly, for the foregoing reasons, the court will summarily dismiss Plaintiff's complaint, without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1), because his claims fail to state a claim for which relief may be granted.

Enter:  June 2, 2026

/s/ Robert S. Ballou

Robert S. Ballou
United States District Judge

---

[1] The Court notes that Plaintiff is only claiming a deprivation of running water. There is no indication that he was completely deprived of water or liquids.